UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS  DIVISION

| | | |
|---|---|---|
| TRANSVISION TECHNOLOGIES HOLDING, INC. AND STEEL PARTS CORPORATION, | ) ) ) | |
|         Plaintiffs, | ) | |
| | ) | |
|    vs. | ) | 1:04-cv-2086-LJM-TAB |
| | ) | |
| HASKELL KNIGHT, | ) | |
|         Defendant, | ) | |
| | ) | |
| _____ | ) | |
| | ) | |
| HASKELL KNIGHT, | ) | |
|         Counter-Claimant and | ) | |
|         Third Party Plaintiff, | ) | |
| | ) | |
|    vs. | ) | |
| | ) | |
| TRANSVISION TECHNOLOGIES HOLDING, INC. AND STEEL PARTS CORPORATION, | ) ) ) | |
|         Counter-Defendants, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| JAMES ASHTON, | ) | |
|         Third Party Defendant. | ) | |

## ORDER ON PLAINTIFFS' MOTION FOR REMAND

This matter is before the Court on the motion of the plaintiffs, Transvision Technologies Holding, Inc. and Steel Parts Corporation (collectively, "Plaintiffs") for the Court to remand this case to the state court for lack of subject-matter jurisdiction.  Plaintiffs allege that defendant Haskell Knight ("Knight") is a resident of Indiana, and thus complete diversity of citizenship between the parties does not exist.  For the reasons explained herein, Plaintiffs' motion is **DENIED**.

# I. BACKGROUND

Knight accepted a job as CEO of plaintiff Steel Parts Corporation ("Steel Parts") in July, 2003. *See* April 18, 2005, Declaration of Haskell Knight ("First Knight Decl.") ¶ 3. At that time Knight lived in North Carolina, from where he commuted to his new job in Tipton, Indiana. *Id.* ¶ 2. Knight understood his assignment would be short-term, and that his role would be to get Steel Parts into the proper financial condition to be sold. *Id.* ¶ 5; June 21, 2005, Declaration of Haskell Knight ("Second Knight Decl.") ¶ 2. Steel Parts representatives never suggested to Knight that his employment would be short term, and his employment agreement included stock options vesting for up to four years. Declaration of James Ashton ("Ashton Decl.") ¶ 4; Declaration of Richard Fagan ("Fagen Decl.") ¶ 4. Knight's employment terms also included reimbursement for the costs of relocating from North Carolina to Indiana. Ashton Decl. ¶ 8. Knight claims that, originally, he did not have any intention to move to Indiana. First Knight Decl. ¶ 6.

Once Knight began his work for Steel Parts, he decided commuting from North Carolina was no longer a viable option. *Id.* ¶ 7. In October, 2002, Knight moved his family to Noblesville, Indiana, where they purchased a home. *Id.* Knight's children were enrolled in Indiana schools. Pltfs' Ex. A, Tab 2, January 21, 2005, Letter from Linda Pence to John Stephen. Knight claims he kept his home in North Carolina, with the intent to move back to it when his assignment with Steel Parts was completed. First Knight Decl. ¶ 7. However, on October 15, 2003, Knight completed and signed a Steel Parts Travel Expense Report, requesting reimbursement for costs of selling his North Carolina home, with the address of 15608 Knox Hill Road. Fagen Decl. ¶ 6. Steel Parts reimbursed Knight the $32,440 he requested and paid over $10,000 in moving expenses. *Id.* ¶¶ 6-7.

Knight also owned a home at 15634 Sagefield Drive, in North Carolina, which remained

2

occupied by his mother, Judy Sparkman.  Second Knight Decl. ¶ 8; Declaration of Lynn G. Smith ("Smith Decl.") ¶ 4.  Knight showed the property at 15634 Sagefield Drive in late summer or early fall of 2003 to a potential buyer.  Smith Decl. ¶  4.  Apparently, the property at 15634 Sagefield Drive is what Knight considered to be his family's home, and the property at 15608 Knox Hill Road was investment property.  Second Knight Decl. ¶ 7.

In 2004, Knight's cellular telephone bill arrived at his address in Noblesville, Indiana.  Pltfs' Ex. B, Tab 1, August 20, 2004, Verizon Wireless Payment Coupon.  Knight maintained his North Carolina driver's license, and had his salary deposited into his bank account in North Carolina.  First Knight Decl. ¶ 10.  Knight also obtained an Indiana driver's license in February, 2004.  *See* Supp. Fagen Dep. ¶ 4, Tab 1.  In 2003 and 2004 Knight filed income tax returns in North Carolina.  First Knight Decl. ¶ 11.  Knight remained registered to vote in North Carolina, kept a safe deposit box in North Carolina, and has a living trust in North Carolina.  *Id.* ¶ 12.  Knight registered two vehicles in Indiana in 2004.  Fagen Decl. ¶¶ 15-16, Tabs 8-11.  In July, 2004, Knight incorporated his own business in North Carolina.   First Knight Decl. ¶ 15; Pltfs' Ex. E, Knight, Inc. Articles of Incorporation.

Steel Parts terminated Knight in October, 2004.  First Knight Decl. ¶ 8.  That same month, Knight moved into his property at 15634 Sagefield Drive, in North Carolina.  *Id.*; Second Knight Decl. ¶ 10.  Knight registered his vehicle in North Carolina in October, 2004, and paid personal property taxes to North Carolina that year.  First Knight Decl. ¶ 13.  Knight also applied for insurance benefits in North Carolina in 2004.  *Id.* ¶ 14.  Knight's wife and children stayed in Indiana until the end of the 2004-05 school year.  *Id.* ¶¶ 8-9.  Since that time, Knight has commuted on the weekends to visit his family in Indiana.  *Id.* ¶ 9.  Knight put up his Indiana home for sale in May,

2004, and removed it from the market in July, 2004.  Second Knight Decl. ¶ 12; Fagen Decl. ¶ 17.

Knight's Indiana home went back on the real estate market in September, 2004.  First Knight Decl.

¶ 8; Second Knight Decl. ¶ 12.  The Indiana home sold on March 24, 2005.  First Knight Decl. ¶ 8.

Plaintiffs filed a lawsuit against Knight in Tipton County, Indiana on December 9, 2004.


## II.  STANDARD

A federal court may remove to its jurisdiction a civil suit filed in state court so long as the

district court has original jurisdiction.  *See Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir.

1993) (citing 28 U.S.C. § 1441).  This Court has original jurisdiction over civil actions between

citizens of different states, where the amount in controversy exceeds $75,000.  28 U.S.C. §

1332(a)(1).  "If, at any time before final judgment, it appears that the district court lacks subject

matter jurisdiction, the case shall be remanded."  *Id.* § 1447(c).  The party seeking to establish that

removal was proper must prove by a "reasonable probability" that diversity jurisdiction exists.

*Tropp v. Western-Southern Life Ins. Co.*, 381 F.3d 591, 595  (7th Cir. 2004).


## III.  DISCUSSION

The parties must be completely diverse of citizenship for this Court to have subject-matter

jurisdiction.  28 U.S.C. § 1332(a)(1).  For purposes of the diversity statute, an individual's state of

citizenship is the state of the individual's domicile.  *Galva Foundry Co. v. Heiden*, 924 F.2d 729,

729 (7th Cir. 1991).  The relevant domicile is that of the time the lawsuit was filed. *Denlinger v.

Brennan*, 87 F.3d 214, 216 (7th Cir. 1996).  Domicile generally has two elements: (1) physical

presence or residence in a state, and (2) an intent to remain in the state.  *Id.*  The Court determines

4

domicile from a totality of the circumstances, including residence, voting practices, location of personal and real property, bank accounts, place of employment, driver's license, automobile registration and payment of state taxes. *See* 13B Wright, Miller & Cooper, Federal Practice and Procedure § 3612.

Whether Knight intended to change his domicile to Indiana when he moved his family here and worked for Steel Parts is a close case. The parties disagree as to whether the property Knight sold at 15634 Sagefield Drive had been his "family home." Knight maintained his voter registration, driver's license and bank accounts in North Carolina. First Knight Decl. ¶¶ 10, 12. Knight continued to pay taxes in North Carolina and maintained property in North Carolina. *Id.* ¶¶ 11, 13. However, Knight also clearly resided in Indiana, owned property here, worked here and obtained an Indiana driver's license. *Id.* ¶ 7; Supp. Fagen Dep. ¶ 4, Tab 1. Knight argues he never intended to make Indiana his permanent home.

Fortunately, the Court need not decide whether Knight ever became domiciled in Indiana because it is clear that at the time this suit was filed and removed to federal court, Knight was domiciled in North Carolina. In October, 2004, Knight moved back to his property at 15634 Sagefield Drive, in North Carolina, which he had owned the entire time he lived in Indiana. First Knight Decl. ¶ 8. After his move back to North Carolina Knight registered his vehicle there. *Id.* ¶ 13. By that time, Knight no longer was employed in Indiana, and did not live here. Knight traveled to Indiana only on weekends to visit his family, whom he chose not to move back to North Carolina until the end of the school year. *Id.* ¶¶ 8-9. The evidence shows that in December, 2004, Knight intended for North Carolina to be his home.

5

Because Knight has diverse citizenship from the Plaintiffs, federal jurisdiction is proper pursuant to 28 U.S.C. § 1332(a)(1).

## IV.  <u>CONCLUSION</u>

For the reasons set forth above, Plaintiffs' motion for remand is **DENIED**.

IT IS SO ORDERED this 15th day of September, 2005.

LARRY J. McKINNEY, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distributed electronically to:

Tracy Nicole Betz
SOMMER BARNARD ATTORNEYS
tbetz@sommerbarnard.com

Monica Renee Brownewell Smith
BARNES & THORNBURG LLP
monica.brownewell@btlaw.com

Blake J. Burgan
SOMMER BARNARD ATTORNEYS PC
bburgan@sommerbarnard.com

James D. Curphey
PORTER WRIGHT MORRIS & ARTHUR LLP
jcurphey@porterwright.com

Mark J. Dinsmore
BARNES & THORNBURG LLP
mark.dinsmore@btlaw.com

Robert D. MacGill
BARNES & THORNBURG LLP
rmacgill@btlaw.com

Anthony Ross McClure
PORTER WRIGHT MORRIS & ARTHUR LLP
amcclure@porterwright.com

Linda L. Pence
SOMMER BARNARD ATTORNEYS PC
lpence@sommerbarnard.com

John M. Stephen
PORTER WRIGHT MORRIS & ARTHUR LLP
jstephen@porterwright.com

Distributed via U.S. Postal Service to:

DAVID LANGOLF SMITH
222 South Main Street
Tipton, IN 46072